# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-1673 |
|     v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
|     Defendant | : | |

## MEMORANDUM

On September 16, 2019, pro se Plaintiff John Doe ("Plaintiff"), who is presently confined at the Federal Correctional Complex in Coleman, Florida ("FCC Coleman"), initiated the above-captioned civil action by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA") in the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 1.) Plaintiff also filed a motion for leave to proceed using the John Doe pseudonym (Doc. Nos. 2, 6) and a copy of his prisoner trust fund account statement (Doc. No. 3). In an Order dated September 24, 2019, the United States District Court for the Eastern District of Pennsylvania transferred the case to this Court because Plaintiff's complaint concerns events that occurred while he was incarcerated at USP Lewisburg, which is located within this judicial district. (Doc. No. 4.)

In an administrative Order dated October 2, 2019, the Court directed Plaintiff either to pay the requisite filing fee or submit a motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 9.) The administrative Order was returned as undeliverable with a note that the Bureau of Prisons ("BOP") required Plaintiff's actual name to deliver his mail from the Court. (Doc. No. 10.) On October 21, 2019, the Court issued another administrative Order, addressed with Plaintiff's actual name, directing him either to pay the requisite filing fee or submit a motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 11.) The Court received Plaintiff's motion for leave to proceed in forma pauperis on October 31,

2019. (Doc. No. 12.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and, for the reasons set forth below, will grant Plaintiff's motion for leave to proceed in forma pauperis, direct service of his complaint upon the Government, and grant his motion for leave to proceed under the John Doe pseudonym.

**I.    BACKGROUND**

In his complaint, Plaintiff alleges that on November 12, 2015, Ryan Smith, a case manager at USP Lewisburg, told other prisoners that Plaintiff was a "rat" and a rapist. (Doc. No. 1 at 1.) Prisoners subsequently began researching Plaintiff using electronic sources and "began reading aloud Plaintiff's case orders and opinions on the open range." (Id.) Plaintiff maintains that he was "perpetually threatened, taunted[,] and sexually harassed." (Id.) On November 17, 2015, Plaintiff was attacked by his cellmate. (Id.) Plaintiff alleges that various groups of prisoners continued to research his case information and threaten and harass him until he was transferred from USP Lewisburg on April 24, 2017. (Id. at 2.)

On May 3, 2017, Plaintiff arrived at USP McCreary, where he was "physically confronted by prisoners [who] transferred from USP Lewisburg" on several occasions. (Id.) Plaintiff had to "physically defend himself" on several occasions. (Id.) On August 3, 2018, Plaintiff was transferred to USP Lewisburg, where he was assigned to G-Unit and was again confronted for being a "rat" and a rapist. (Id.) Approximately one (1) month later, Plaintiff was reassigned to E-Unit, where he was threatened, taunted, and labeled as a "rat" and a sex offender by prisoners in that unit. (Id.)

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

Plaintiff maintains that he has filed numerous motions with the respective courts to have his case information sealed and/or redacted, but that those motions have been denied. (Id.) He alleges that "[p]rison officials ha[ve] failed miserably with containing this issue as well as addressing it." (Id. at 3.) Plaintiff asserts that he has requested to be placed in protective custody or to be transferred to state custody or "designated institutions that address his security concerns," but his requests have been "ignored." (Id.) As relief, Plaintiff seeks $1,000,000.00 in damages as well as a Court Order directing that he be transferred to either state custody or a federal correctional institution. (Id.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of

3

Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of

4

truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

## III. DISCUSSION

### A. Plaintiff's Complaint

As noted above, Plaintiff alleges that Ryan Smith, a Unit Manager at USP Lewisburg, told other inmates that Plaintiff is a "rat" and a rapist and that ever since then, he has been threatened, assaulted, and taunted by other inmates. (Doc. No. 1.) Plaintiff maintains further that BOP officials have not done anything to address his concerns. (Id.) Liberally interpreting Plaintiff's pro se pleading, the Court construes the complaint as alleging a claim of negligence under the FTCA for failing to protect Plaintiff from other inmates.

By enacting the FTCA, Congress "waived the sovereign immunity of the United States for certain torts committed by federal employees." See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Specifically, the FTCA allows federal courts to consider

> civil actions on claims against the United States, for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

5

28 U.S.C. § 1346(b)(1). Thus, "the FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court." See In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001). Upon consideration of Plaintiff's complaint, the Court concludes that he has set forth a plausible claim pursuant to the FTCA. See Belcher v. United States, No. 4:03-CV-1252, 2007 WL 2155696, at *3 (M.D. Pa. July 25, 2007) (noting that "[t]he FTCA provides a federal inmate a cause of action for the United States' negligent failure to protect the inmate"). Accordingly, the Court will direct the Clerk of Court to effect service of Plaintiff's complaint upon the Government.

### B. Motion for Leave to Proceed Using the John Doe Pseudonym

As noted above, Plaintiff also seeks leave to proceed using the John Doe pseudonym. (Doc. Nos. 2, 6.) He alleges that "[p]risoners now have people retrieve documents from PACER and send those documents to other institutions so 'rats' [and] 'sex offenders' cannot walk those compounds (in general population)." (Doc. Nos. 2 at 2, 6 at 2.) Plaintiff maintains that he has been in the Special Housing Unit ("SHU") for approximately nine (9) years out of the past thirteen (13) years because he has been labeled as a rat and a sex offender. (Doc. Nos. 2 at 2, 6 at 2.) He asserts, however, that "numerous prisoners" are unaware that he is now at FCC Coleman because he has been on lockdown since he arrived. (Doc. Nos. 2 at 2, 6 at 2.)

The Federal Rules of Civil Procedure require that parties identify themselves in their respective pleadings. See Fed. R. Civ. P. 10(a). However, "[w]hile not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." See Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011). However, the United States Court of Appeals for the Third Circuit has noted that it is not enough for a plaintiff

6

to allege that he will "suffer embarrassment or economic harm" in a request to proceed anonymously. See id. (citing Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008)). Rather, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010).

In Megless, the Third Circuit set forth the following factors favoring anonymity, including:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimately ulterior motives.

Megless, 654 F.3d at 409 (quoting Doe v. Provident Life & Acc. Ins. Co., 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). Conversely, factors not favoring anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. (quoting Provident Life, 176 F.R.D. at 467-68).

After weighing these factors, the Court concludes that Plaintiff has sufficiently demonstrated good cause to proceed under the John Doe pseudonym. In reaching this conclusion, the Court finds instructive the opinion issued in Doe v. Ortiz, No. 18-2958 (RMB), 2019 WL 287305 (D.N.J. Jan. 22, 2019). In that matter, the plaintiff, who was then incarcerated

7

at FCI Fort Dix, sought leave to proceed as a John Doe "because [the] action contain[ed] information about his offense of conviction, a sex offense." See id. at *2. The plaintiff feared violence by other inmates in general population "if his identity as a sex offender [became] known." See id. In granting the plaintiff leave to proceed under the pseudonym John Doe, the district court noted that he "reasonably fear[ed] violence if he is identified as a sex offender by other prisoners in FCI Fort Dix." See id. The Court found further that there was "only a weak public interest" in knowing the plaintiff's identity because the matter "raise[d] legal rather than factual issues." See id. The court concluded that the plaintiff did not appear to have an ulterior motive in requesting anonymity and that "[t]he only factor militating against anonymity [was] the general public interest in the parties to a lawsuit." See id.

Here, the Court recognizes that Plaintiff's complaint involves allegations that he has been labeled as a "rat" and a rapist, which has caused him to experience "ridicule and harassment" as well as violence from other prisoners. See B.L. v. Zong, 3:15-CV-1327, 2017 WL 1036474, at *3 (M.D. Pa. Mar. 17, 2017). Like the circumstances at issue in Ortiz, in the case at bar, there is only a weak public interest in knowing Plaintiff's identity in the above-captioned case. Moreover, nothing in Plaintiff's filings gives the Court cause to believe that Plaintiff has an ulterior motive in requesting anonymity, and the only factor against anonymity is "the universal level of public interest in access to the identities of litigants." See Megless, 654 F.3d at 409. The Court, therefore, will grant Plaintiff's motion seeking leave to proceed under the John Doe pseudonym.[2] (Doc. Nos. 2, 6.)

---

[2] Although Plaintiff referred to himself as John Doe in his complaint, his first filing in this action, his actual name appears in attachments to the complaint (Doc. No. 1), his prisoner trust fund account statement (Doc. No. 3), the Court's October 21, 2019 administrative Order (Doc. No. 11), and Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 12). The Court will, therefore, direct the Clerk of Court to maintain those filings under seal. See Ortiz, 2019

8

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 12) and direct service of Plaintiff's complaint (Doc. No. 1) upon the Government. The Court will also grant Plaintiff's motion for leave to proceed using the John Doe pseudonym (Doc. Nos. 2, 6) and direct the Clerk of Court to maintain Plaintiff's complaint (Doc. No. 1), prisoner trust fund account statement (Doc. No. 3), the Court's October 21, 2019 administrative Order (Doc. No. 11), and Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 12) under seal. An appropriate Order follows.

---

WL 287305, at *2 n.1 (directing same). The parties will be directed to use Plaintiff's pseudonym in all future documents filed herein, but such direction does not mean that the Court intends to seal new filings unless the Court finds doing so proper upon a properly-filed motion to seal.